ORIGINAL

# In the United States Court of Federal Claims

No. 18-278
(Filed: March 5, 2018)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DONALD EUGENE ARNOLD, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED

MAR - 5 2018

U.S. COURT OF
FEDERAL CLAIMS

## ORDER DISMISSING CASE

Before this Court is the Complaint of *pro se* plaintiff, Donald Eugene Arnold ("plaintiff") filed on February 20, 2018.[1] In the Complaint, Plaintiff[2], alleges that the federal government violated his civil rights and deprived "his natural born native citizenship as a Freeman" under Section 1983 and the Thirteenth and Fourteenth Amendments to the Constitution. Compl. ¶ 1, 15. Furthermore, the Plaintiff alleges that the federal government unlawfully used his birth certificate and social security number to "deceive into corporate 'bondage' and 'involuntary servitude.'" Compl. ¶ 8-10.

A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). However, the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v.Sec'y*, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"); *See also Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000

---

[1] Also on February 20, 2018, Plaintiff filed a motion to proceed *in forma pauperis*. Plaintiff's filing fee is waived for the limited purpose of resolving the jurisdictional question in this case.

[2] Plaintiff is presently incarcerated at the Toledo Correctional Institution, Toledo, Ohio.

7016 3010 0000 4308 4256

(Fed. Cir. 1988) ("A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt.").

This Court lacks jurisdiction to hear Plaintiff's civil rights claims. Plaintiff brings this action under 42 U.S.C. § 1983 and the Thirteenth and Fourteenth Amendments. Construing the pleading liberally, as required by *Haines*, 404 U.S. at 520, it appears that Plaintiff is bringing this action under Title VII of the Civil Rights Act. However, it is well settled that the Court of Federal Claims does not possess jurisdiction over civil rights claims brought under the Civil Rights Act. Rather, the United States District Courts have exclusive jurisdiction over claims under that act. *Taylor v. United States*, 310 Fed. Appx. 390, 393 (Fed. Cir. 2009)("Because Title VII vests jurisdiction over discrimination claims exclusively in the district court, the Court of Federal Claims cannot exercise jurisdiction over those claims.").[3] Therefore the Court dismisses the civil rights claims for lack of subject matter jurisdiction.

The Court then turns to Plaintiff's claims of bondage and involuntary servitude. Pursuant to the Tucker Act, the Court of Federal Claims does not have jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1); *See also Brown v. United States,* 105 F.3d 621, 623 (Fed. Cir. 1997) ("[The Court of Federal Claims] lacks jurisdiction over tort actions against the United States."). Because Plaintiff's claims of bondage and involuntary servitude all sound in tort, this Court does not possess subject matter jurisdiction to hear Plaintiff's claim.

For the reasons set forth above, this Court lacks subject matter jurisdiction and the Clerk is directed to **DISMISS** the case and enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge
for
EDWARD J. DAMICH
Senior Judge

---

[3] Plaintiff also alleges this Court has jurisdiction under 28 U.S.C. § 1331 and 1343, however, Plaintiff is incorrect as both of these sections vest jurisdiction in district courts rather than the Court of Federal Claims. ("The District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties."). §1331; *see also* 28 U.S.C. §1343(a)(3). Therefore, Plaintiff's claims for declaratory and injunctive relief are also dismissed for lack of jurisdiction.